AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

11/15/22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| | |
|---|---|
| In the Matter of the Use of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A CELL SITE SIMULATOR TO LOCATE AN<br>ELECTRONIC DEVICE | Case No.<br><br>3:22-mj-387 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the __Southern__ District of __Ohio__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. s. 1073 | unlawful interstate flight to avoid prosecution |

The application is based on these facts:
See Attached affidavit of Robert Buzzard

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I, Brent Tabacchi, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

*Robert M. Buzzard*
Applicant's Signature

Robert Buzzard, SA of the FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means __namely, telephone__

Date: November 15, 2022

_____
Caroline H. Gentry
United States Magistrate Judge

City and state: Dayton, Ohio

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (786) 286-6124, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY NUMBER 310260041256064 | Case No. 3:22-mj-387<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Robert M. Buzzard, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **(786) 286-6124,** (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") assigned to the Cincinnati Division, Dayton, Ohio Resident Agency. I therefore am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 21 U.S.C. § 878. Moreover, I am an "investigative law enforcement officer" within the meaning of 18 U.S.C. § 2510. I have served as an FBI SA since January 2002. I am currently assigned to the FBI's Southern Ohio Safe Streets Task Force (SOSSTF). Since 2002, I have participated in investigations involving federal fugitives.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because court authorized cell-site data obtained for the Target Cellular Device indicated that it was reporting in the area of Sullivant Ave. and S. Richardson Ave. within the City of Columbus, Franklin County, Ohio on November 14, 2022, at approximately 9:58 a.m. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 1073, flight to avoid prosecution, have been committed, are being committed, and will be committed by DAVID ORLANDO ANDRADE GOMEZ (hereinafter "GOMEZ"). There is also probable cause to believe that the location of the Target Cellular Device will constitute evidence of those criminal violations, including leading to the identification of the location of the Target Cellular Device which may contain additional information as to the individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) &

(4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. On October 16, 2022, Charlotte-Mecklenburg Police Department (CMPD) officers responded to call for service in reference to a person being shot in Charlotte, North Carolina. Officers located the victim suffering from apparent gunshot wounds near the 7900 block of Shady Oak Trail in Charlotte, NC.

8. The victim was transported to Atrium Health where he was pronounced deceased by the medical staff. The incident was caught on video surveillance and showed several males getting into an argument in the parking lot of the apartment complex prior to the shooting. The video showed the suspect pull a handgun out of his pants and shoot the victim two times in the back.

9. CMPD Homicide Detectives were able to identify DAVID ORLANDO ANDRADE GOMEZ- described as being a Hispanic male, date of birth 07/29/1985, 5'7", 150lbs as the shooter based on witness statements and the video surveillance.

10. On November 4, 2022, CMPD Homicide Detectives applied for a warrant allowing them to arrest GOMEZ for Murder in violation of North Carolina General Statue 14-17. North Carolina State Magistrate Patricia Moore issued the warrant that same day. CMPD Homicide

3

Detectives requested the assistance of the CMPD Violent Criminal Apprehension Team (VCAT) to locate and arrest GOMEZ.

11. On November 7, 2022, CMPD VCAT conducted a knock and talk at 317 Glenrock Drive in Charlotte, NC, GOMEZ's last known address. VCAT made contact with an associate of GOMEZ and his wife, JENNY MEZA. The associate stated on October 17, 2022, MEZA asked him/her to help her move to Ohio because GOMEZ was in trouble. MEZA offered the associate a month's free rent if he/she helped her move her stuff to Ohio. The associate stated that he/she drove MEZA to High Point, North Carolina to a residence where she picked up a white Ford Explorer. The associate then followed MEZA to a location in Columbus, Ohio, where they dropped a few items at a residence the associate believed belonged to GOMEZ's brother. The associate then followed MEZA to a residence in London, Ohio, where she met with GOMEZ. The associate stated that MEZA told him/her that she and GOMEZ were going to stay in Ohio, and she would send someone back to Glenrock Drive to gather the rest of her belongings. The associate provided VCAT with the Target Cellular Device that MEZA is utilizing.

12. On November 7, 2022, CMPD detectives obtained a court order for a Pen Register/Trap and Trace on the Target Cellular Device. The provider of the Target Cellular Device is T-Mobile US, INC with International Mobile Subscriber Identity / Electronic Serial Number 310260041256064. The T-Mobile account subscriber is GOMEZ's wife, MEZA.

13. On November 10, 2022, a federal arrest warrant was issued for GOMEZ, authorized by U.S. Magistrate Judge David C. Keesler, Western District of North Carolina. The arrest warrant charged GOMEZ with knowingly and willfully moving or traveling in interstate or foreign

commerce with the intent to avoid prosecution of the crime of Murder, in violation of 18 U.S.C. § 1073.

14. Target Cellular Device is currently located in the vicinity of Columbus, Ohio (Southern District of Ohio) but the exact location is unknown. Cellular analysis of MEZA's phone records also validated the information provided by the associate in North Carolina.

15. As of application for this search warrant, investigators continue to receive location data information for the Target Cellular Device, indicating the Target Cellular Device remains in the area of Columbus, Ohio, with an approximate radius of 4000 meters.

16. A criminal history records check concerning GOMEZ revealed that GOMEZ has no documented criminal history.

17. There is probable cause to believe that the ultimate location of the Target Cellular Device may constitute evidence of a violation of 18 U.S.C. § 1073 because its location is several states away from the incident location in Charlotte, NC. There is also probable cause to believe that the location of the Target Cellular Device will lead to other evidence of flight to avoid prosecution, including the recovery of the Target Cellular Device, which may contain additional information as to the individuals who engaged in the commission of the criminal offense.

## MANNER OF EXECUTION

18. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a

communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

19. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

20. The investigative device may interrupt cellular service of phones or other cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its range. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further

order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

21. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

22. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

23. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

//

//

24. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

*Robert M. Buzzard*

Robert M. Buzzard
Special Agent
Federal Bureau of Investigations

Subscribed and sworn to before me
On: November 15, 2022

Caroline H. Gentry
United States Magistrate Judge

8

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (786) 286-6124, with International Mobile Subscriber Identity / Electronic Serial Number 310260041256064, whose wireless provider is T-Mobile US, INC, and whose listed subscriber is Jenny Orellana Meza.

## ATTACHMENT B

Pursuant to an investigation of DAVID ORLANDO ANDRADE GOMEZ for a violation of Title 18 U.S.C. § 1073, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).